**Friedman Vartolo, LLP**
1325 Franklin Ave., Suite 160
Garden City, New York 11530
(212) 471-5100
Michael T. Rozea, Esq.

*Attorneys for Secured Creditor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
In re:

    Aaron Fischman,

                      Debtor.
-------------------------------------------------------x

Chapter 11
Sub Chapter V
Case No. 23-36038-CGM

## OPPOSITION TO IMPOSE AUTOMATIC STAY AS TO ALL CREDITORS

Rushmore Servicing, in its capacity as servicer for Wilmington Savings Fund Society, FSB, Not Individually But Solely As Trustee For RPMLT 2014-1 Trust, Series 2014-1 ("Rushmore" or "Secured Creditor"), by its undersigned counsel, Friedman Vartolo, LLP, respectfully submits this opposition (the "Opposition") to Aaron Fischman's (the "Debtor") motion, dated January 15, 2024 (the "Motion"), which seeks to extend the automatic stay pursuant to 11 U.S.C. § 362(c)(4)(a)(i) as against all creditors. In support of this Opposition, Rushmore respectfully states as follows:

## PRELIMINARY STATEMENT

As set forth below, the Debtor's request for a stay should be denied in its entirety. This is the Debtor's third bankruptcy case affecting the Property (defined below) filed in the past seven (7) months. This bankruptcy case is further filed in direct contradiction of the Dismissal order with prejudice ("Dismissal Order with Prejudice", dkt. no. 60) entered in the Debtor's second bankruptcy case, Case No. 23-36038 ("Second Bankruptcy Case").

The Debtor's request for the imposition of a stay should be denied *in toto* because the Debtor cannot rebut a statutory presumption that his bankruptcy filing was in bad faith, which

1

requires him to demonstrate his good faith by clear and convincing evidence. There is ample evidence - even without the applicable bad faith presumption - that this case was filed in bad faith.

Inasmuch as the Debtor has (i) failed to overcome the presumption that this bankruptcy case was not filed in good faith and (ii) failed to demonstrate a "substantial change in the financial or personal affairs" of the Debtor which do not appear to have changed since the prior bankruptcy case, the Debtor's Motion must be denied.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On December 19, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

3. Prior to the Petition Date, on or about October 17, 1989 the Debtor and Nina Fischman (non-filing Co-Debtor) promised to repay $285,600.00 plus interest to Citicorp Mortgage Inc, pursuant to a Promissory Note (the "Note"). To secure the repayment of the Note, the Debtor executed a Mortgage in favor of Bank of America, which was recorded on October 17, 1989 in the Nassau County Department of Finance Office of Register (the "Mortgage") encumbering real property located at 703 Carlyle Street, Woodmere, NY 11598, Nassau (the "Property").

4. The Debtor and non-filing Co-Debtor subsequently entered into a Loan Modification Agreement (the "Loan Modification Agreement") effective March 14, 2006 which created a new principal balance in the amount of $228,630.03. The Note and Mortgage were ultimately assigned to Movant by an

2

Assignment of Mortgage recorded on July 6, 2017. A copy of the Note, Mortgage, Loan Modification Agreement and Assignments of Mortgage are attached hereto as **Exhibit A**.

5. Prior to the Petition Date, the Debtor failed to make the monthly mortgage payments pursuant to the loan documents, and a foreclosure action was commenced in the Supreme Court of the State of New York, County of Nassau, under index number 608260/2017. Subsequently, a Judgment of Foreclosure and Sale ("JFS") was entered on March 17, 2023. A copy of the JFS is annexed hereto as **Exhibit B.**

6. On May 8, 2023, an involuntary bankruptcy was commenced against the Debtor and assigned Case No. 23-35368 ("First Bankruptcy Case") which was dismissed on July 1, 2023.

7. Before Rushmore could take the appropriate steps to finalize a foreclosure sale after the First Bankruptcy Case, on October 13, 2022, Debtor filed his Second Bankruptcy Case.

8. During the Second Bankruptcy Case a plan was never confirmed, and after significant motion practice in which the Secured Creditor was not involved, the Second Bankruptcy Case was dismissed on November 30, 2023 upon the entry of the Dismissal Order with Prejudice.

9. The instant bankruptcy case was filed on December 19, 2023 (the "Third Bankruptcy Case").

## OPPOSITION

### A. No Stay Should be Imposed With the Respect to the Property

10. The automatic stay did not go into effect upon the commencement of this chapter 11 case because the Debtor is an individual and two cases with respect to the Debtor were pending within the previous year that were each dismissed. *See* 11 U.S.C. 362(c)(4)(A). Bankruptcy Code section 362(c)(4)(B) provides a mechanism for parties in interest to request the imposition of a stay in cases filed by a serial filer like the Debtor if a clear and convincing evidentiary showing is made that the

bankruptcy filing was in good faith. And, regardless of such a showing, any stay imposed may be "subject to such conditions or limitations as the court may impose." 11 U.S.C. §362(c)(4)(B). *See In re Davis,* 2015 WL 9264315, *3 (Bankr. S.D. Texas, 2015) ("The court has discretion in fashioning the scope of an extension or imposition of the automatic stay. It may order the stay to take effect as to any or all creditors subject to such conditions or limitations as the court may impose.").

11. Thus - even assuming the Debtor can overcome the statutory presumption that his filing was in bad faith - limiting any stay so that it does not affect the Property is appropriate in this case as the Debtor's Motion goes to great lengths to explain the primary purpose for filing the Third Bankruptcy Case was to stay a different creditor – Maindenbaum – and does not discuss any basis to extend the stay to the Secured Creditor.

12. Therefore, no matter what showing the Debtor might attempt to make respecting good faith, the Court should exercise its discretion to limit any stay it might be inclined to impose such that it does not affect the Property or Secured Creditor's rights with respect to the Property

13. "Clear and convincing evidence is the weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir. 2004).

**B. Debtor's Failure to Demonstrate Good Faith by Clear and Convincing Evidence**

14. The facts relating to the Debtor's bankruptcy filings reflect that the presumption of absence of good faith does not apply and the Motion fails to provide a basis upon which Debtor can rebut the presumption by clear and convincing evidence.

15. Bankruptcy Code section 362(c)(4)(D)(ii) states:

> (D) for purposes of subparagraph (B), a case is presumptively filed

not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)-

     (ii)  as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the dateof dismissal of such case, such action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to such action of such creditor.

11 U.S.C. § 362(c)(4)(D)(ii).

16.    The Debtor is an individual and under Bankruptcy Code section 362(c)(4)(D)(ii) there is a presumption that is case was filed not in good faith as to the Secured Creditor and it appears it only filed to stay contempt proceedings being sought by a different creditor. Therefore, the Court may only exercise its discretion and impose a stay on Secured Creditor if the Debtor proves by clear and convincing evidence that this case was filed in good faith as to Secured Creditor.

17.    Indeed, in the Debtor's Second Bankruptcy Case, counsel to the Debtor wrote to the Court on November 22, 2023 [dkt. no. 56], seeking to have the "with prejudice" removed from the dismissal order, however notwithstanding this request, the Court entered an order which contained language dismissing with prejudice.

18.    The evidence of the Debtor's bad faith is clear, and the Debtor cannot overcome the statutory presumption of bad faith, particularly given the Court's entry of the Dismissal Order with Prejudice. In particular, the Debtor cannot prove by clear and convincing evidence that this case was commenced in good faith with respect to Rushmore and, therefore, the stay should not be imposed with respect to Secured Creditor.

19.    Generally, courts apply one of four tests to determine whether a case is filed in good faith: the totality of circumstances test, the factor-driven or checklist test, the updated good faith test employing standards found in § 362(c)(3) and (4), and a test combining the first three approaches. *See In re Galanis,* 334 B.R. 685, 691-93 (Bankr. D. Utah 2005).

20. Regardless of the standard applied, the Debtor cannot establish this case was filed in good faith and the undisputed facts establish that this case was filed in bad faith.

21. The Debtor has not provided any evidence that this case was filed in good faith much less establish good faith by clear and convincing evidence. The facts the Debtor has asked the Court to consider support a finding of bad faith, not good faith. Accordingly, this Court should not impose any stay as to creditors.

22. Debtor's Motion provides no meaningful basis upon which to grant a continuation of the automatic stay. Debtor's Second Bankruptcy Case was dismissed after the Debtor had multiple opportunities to address the debt with respect to the Property.

23. Further there does not appear to be any change to the Debtor's schedules and there is no Debtor affidavit attesting to any change in circumstances.

## C. **Debtor's Failure to Demonstrate a Change in Financial Circumstances**

24. As set forth above, there is no change in the Debtor's financial status and Debtor has failed to submit any documentation which would support his position that the plan be funded by "employee stock options which are anticipated to become available in the near future" (Third Bankruptcy Case, Dkt. no. 30, paragraph 19). The Secured Creditor respectfully submits that the Debtor cannot hinge its plan on funds which are not assured of being made available.

25. Moreover, given the short time between the instant bankruptcy case and the Debtor's prior bankruptcy cases, it is clear that "there has not been a substantial change in the financial or personal affairs of the debtor" since dismissal of the prior case.

26. Accordingly, Debtor's Motion provides no information upon which to base a rebuttal of the presumption of the absence of good faith by clear and convincing evidence and the Motion should be denied in its entirety.

## CONCLUSION

WHEREFORE, Rushmore respectfully requests that this honorable Court deny Debtor's Motion and grant such other further, different relief as is just and proper.

Dated: January 30, 2024
       Garden City, New York

                                        **Friedman Vartolo, LLP**
                                        Attorneys for the Secured Creditor

By:   *__s/ Michael Rozea__*
        Michael T. Rozea, Esq.
        1325 Franklin Ave., Suite 160
        Garden City, New York 11530
        (212) 471-5100