# EXHIBIT B

Nassau County
Maureen OConnell
County Clerk
Mineola, NY 11501

**61 2023 00033769**

Ref ID#: EC 17 608260

Instrument Number: 2023- 00033769
As
**J65 - ELECT JUDGMENT FORECLO & SALE**

Recorded On: March 17, 2023
Parties: WILMINGTON SAVINGS FUND SOCIETY FSB
TO NINA FISCHMAN
Num Of Pages: 16
Recorded By: FRIEDMAN VARTOLO LLP
Comment:

** Examined and Charged as Follows: **

J65 - ELECT JUDGMENT FORECL    0.00
Recording Charge:              0.00

** THIS PAGE IS PART OF THE INSTRUMENT **

I hereby certify that the within and foregoing was recorded in the Clerk's Office For: Nassau County, NY

**File Information:**
Document Number: 2023- 00033769
Receipt Number: 2826002
Recorded Date/Time: March 17, 2023 10:31:19A
Book-Vol/Pg: Bk-K Vl-814 Pg-59
Cashier / Station: 0 BMP / NCCL-3KYSH03

**Record and Return To:**



County Clerk Maureen O'Connell

1 of 16

IAS PART FP

At the Supreme Court of the State of New York held in and for the County of Nassau, at the Courthouse thereof, at 100 Supreme Court Drive, Mineola, New York 11501, on the 16TH day of MARCH, 2023.

HON. DAVID P. SULLIVAN
J.S.C.

HON.

-----------------------------------------------------------------X
WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR RPMLT 2014-1 TRUST, SERIES 2014-1,

                                        Plaintiff

-against-

NINA FISCHMAN, AARON FISCHMAN, SHALOM S. MAIDENBAUM, JANE DOE,

                                        Defendants
-----------------------------------------------------------------X

Index No. 608260/2017

**JUDGMENT OF FORECLOSURE AND SALE**

**Mortgaged Premises**
703 Carlyle Street
Woodmere, NY 11598

**Section:** 39
**Block:** 192
**Lot:** 218

**Mortgage Servicer**: Rushmore Loan Management Services, LLC
**Mortgage Servicer Phone #:** (888) 699-5600

**Plaintiff,** Wilmington Savings Fund Society, FSB, not individually but solely as Trustee for RPMLT 2014-1 Trust, Series 2014-1 (hereinafter "Plaintiff"), having moved this Court for an Order confirming the report of the referee and for a Judgment of Foreclosure and Sale and the said Motion having regularly come on to be heard on ~~January 22, 2021~~ June 10, 2022 or as soon thereafter as counsel could be heard and no appearance having been required or made by the attorneys for the parties herein and upon submission and due deliberation having been had thereon.

**NOW** upon reading and filing the Summons, Verified Complaint and Notice of Pendency duly filed in the Nassau County Clerk's Office on August 15, 2017, the Notice of Pendency filed on September 11, 2017, the Amended Summons, Amended Complaint, Amended Notice of Pendency filed on November 8, 2018, Notice of Pendency refile August 25, 2021 and on the Affirmation of Juliana Thibaut, Esq. November 23, 2020, the Order

Firm File No. 182006-1

Granting Motion for Summary/Default Judgement and Appointment of a Referee to Compute granted January 17, 2020, and upon all of the prior papers and proceedings had herein, from which it appears that this is an action to foreclose a mortgage on real property situated at 703 Carlyle Street, Woodmere, NY 11598, County of Nassau, and that all Defendants herein were duly served with the Summons and Complaint in this action or voluntary appeared herein, and that the time of all Defendants to answer, appear or move with respect to the Complaint has expired and that none of the Defendants answered, appeared or moved with respect to the Complaint except Defendants Aaron Fischman, Nina Fischman and Shalom S. Maidenbaum, and that none of the Defendants are infants, incompetents, or absentees;

**AND** upon reading and filing the Oath and Report of Tarsha C. Smith, Esq., dated October 26, 2020 and filed in the Nassau County Clerk's Office on October 30, 2020 from which report it appears that the sum of $191,479.38 was due the Plaintiff for principal, interest and advances made pursuant to the Note and Mortgage, as of September 12, 2020, and that the mortgaged premises should be sold in one parcel;

**AND** this Court having initiated and held status conference(s) in accordance with the provisions of Administrative Order 157/20 prior to the issuance of this Order,

**NOW**, on motion of **Friedman Vartolo LLP**, the attorneys for the Plaintiff, it is:

**ORDERED**, that the instant motion is granted; and it is further

**ORDERED, ADJUDGED AND DECREED** that the report of Tarsha C. Smith, Esq. dated October 26, 2020 and filed in the Nassau County Clerk's Office filed on October 30, 2020, be, and the same is hereby, in all respects, ratified and confirmed; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Plaintiff is hereby awarded Judgment herein for the sum of $191,479.38, together with advances from the date specified in said report, together with interest computed at the contract rate, set forth in the Note and Mortgage, from the date computed to

Firm File No. 182006-1

in the Referee's Report to the date of entry of Judgment, then legal interest from the date of entry of the Judgment to the date of transfer of the Referee's deed, plus the sum of $ ~~~~~~~ cc as taxed by the Clerk of the Court and hereby adjudged to the Plaintiff for costs and disbursements of this action; with interest thereon at the legal rate from the date of entry of the Judgment, together with an additional allowance of $ 300 ~~xx~~.00 hereby awarded to Plaintiff in addition to costs and disbursements; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Plaintiff is hereby awarded attorneys' fees in the amount of $1,875.00; and it is further

**ORDERED, ADJUDGED AND DECREED** that the premises affected by said Mortgage set forth in the Complaint herein and hereinafter set forth, be sold in one parcel at public auction, as provided by law, ~~on a Tuesday at 11:30 am in the Calendar Control Part (CCP) Courtroom~~ on the North Side Step of the Supreme Court, 100 Supreme Court Drive, Mineola, New York 11501 by and under the direction of Tarsha C. Smith, Esq., P.O. Box 779, Patchogue, N.Y. 11772 (631) 447-8151 Fiduciary Number 651339 who is hereby appointed Referee for that purpose; that the said Referee give public notice of the time and place of such sale according to law and the rules and practices of this Court, by publishing the notice of sale in the Nassau Herald 2 Endo Blvd, Garden City, NY ; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee at the time of sale may accept a written bid from the Plaintiff's attorneys, just as though the Plaintiff were physically present to submit said bid; and it is further

**ORDERED, ADJUDGED AND DECREED**, that if the Referee does not conduct the sale within 90 days of the date of the judgment, in accordance with CPLR §2004, the time fixed by RPAPL §1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

Firm File No. 182006-1

**ORDERED, ADJUDGED AND DECREED**, that Plaintiff or any other party that may become the purchaser or purchasers at such sale shall pay all transfer taxes and recording expenses, any and all maintenance fees and assessments, taxes, water rates, and any fees associated with the transfer of title for the Mortgaged Premises accrued from the sale date forward are the obligation of the purchaser, and that in the event a party, other than Plaintiff, becomes the purchaser or purchasers at such sale, the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale, including Plaintiff and that failure of the purchaser(s) to close within thirty days may result in forfeiture of any deposit tendered by purchaser(s), in lieu of closing, and that Plaintiff reserves the right to sell to the next highest bidder at said sale; that any purchaser, other than Plaintiff, shall pay interest on the purchase price from the date of sale to the date of delivery of the deed; that in case Plaintiff shall become the purchaser at the said sale, it shall not be required to make any deposit thereon; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Plaintiff or any other party that may become the purchaser or purchasers at such sale shall pay all transfer taxes and recording expenses, and that in the event a party, other than the Plaintiff, becomes the purchaser or purchasers at such sale, the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale, including Plaintiff and that failure of the purchaser(s) to close within thirty days may result in the forfeiture of any deposit tendered by purchaser(s), in lieu of a closing, that any purchaser, other than Plaintiff, shall pay interest of the purchase price form the date of sale to the date of delivery of the deed and all payments for taxes, assessments, water and sewer charges, which are, or may become liens on the premises at the time of sale, shall be adjusted for at closing accordingly based on the fiscal period for which they are assessed; that in case the Plaintiff shall become the purchaser at the said sale, it shall not be required to make any deposit thereon; that Plaintiff reserves the right to postpone the sale and re-advertise the sale in accordance with RPAPL §231 (3); that said Referee execute to the purchaser or

Firm File No. 182006-1

purchasers on such sale a deed to the premises sold at which time the Referee shall forthwith pay the taxes, assessments, water and sewer charges which are or may become liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment, or said referee may allow the same to the purchaser at the time of delivery of deed upon production to said Referee of proper vouchers showing the payment thereof and redeem the property sold from any sales for unpaid taxes, assessments or water rates, which have not apparently become absolute, and that the referee then deposit the balance of said proceeds of sale in this own name as First National Bank 1050 Franklin Avenue #100 Garden City, N.Y. 11530 _____ and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by the said depository:

**FIRST**: The sum of $ 500**/** as the Referee's fee for conducting the sale, pursuant to CPLR §8003;

**SECOND**: The expenses of sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale when filed.

**THIRD**: The sum of **$191,479.38**, the amount reported due to the Plaintiff as of September 12, 2020, together with interest at the legal rate from the date of entry of this Judgment then with interest at the legal rate until the date of transfer of the referee plus all other expenses necessarily paid by the Plaintiff, to preserve the premises, not previously included in any computations, together with interest thereon at the rate specified in the Note and Mortgage from the date specified in the Referee's report up to and including the date of entry of this judgment then with interest at the legal rate thereafter until the date of transfer of the Referee's Deed; together with the sum of 255.18 cc adjudged to the plaintiff for its costs and disbursements in this action as taxed by the Clerk of the Court with interest at the legal rate thereon from the date of entry hereof; together with an additional allowance of $300**/** hereby awarded to the plaintiff in the addition to the costs;

Firm File No. 182006-1

**FOURTH:** to the law firm of **Friedman Vartolo LLP** the sum of $1,875.00 awarded herein as reasonable attorneys' fees, with legal interest thereon from the date of entry of the judgment;

**FIFTH:** that any surplus monies be deposited with the Nassau County Treasurer within five (5) days after received and ascertainable to the credit of this action to be withdrawn only on the written order of this Court signed by a Justice herein; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the referee shall pay to the plaintiff a sum equal to the aggregate of all other amounts which the plaintiff has paid or may hereafter be required to pay to protect mortgage or preserve the premises in accordance with the provision of the mortgage, and the same so paid shall be added to the sum otherwise due to the plaintiff pursuant to the plaintiff's claims herein and be deemed secured by said note and mortgage as therein provided and adjudged a valid lien on the premises; and it is further

**ORDERED, ADJUDGED AND DECREED**, that in case the plaintiff be the purchaser of said mortgaged premises at said sale or, in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by the plaintiff, and a valid assignment thereof filed with said referee, the plaintiff shall not be required to pay in cash the entire Amount bid at said sale, but shall execute and deliver to the plaintiff a deed of the premises sold at which time the referee shall forthwith pay thereon, in accordance with their priority according to law, the taxes, assessments or water rates which are or may become liens on the premises at the time of sale, with such interest or penalties which may have lawfully accrued thereon, to the date of the of payment deposit or in lieu of the payment of said last mentioned amounts, upon the filing with said referee receipts of the proper municipal authorities showing the payment thereof; that the balance of the Amount bid, after deducting the aforesaid amounts, shall be allowed to the plaintiff; that if after so applying the balance of the Amount bid, there shall be a surplus over and above said amounts due to the plaintiff, the plaintiff shall pay to said

Firm File No. 182006-1

referee, upon delivery of said referee's deed, the amount of such surplus which shall be deposited by said referee with Nassau County Treasurer within five days after received and ascertainable to the credit of this action to be withdrawn only on the written order of this Court Signed by a Justice herein; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the referee make a report of such sale under oath showing the disposition of the proceeds of the sale accompanied by the vouchers of the persons to whom the payments were made with and file it with the Clerk of the County of Nassau within thirty days after completing the sale and executing the proper conveyance to the purchaser and that if the proceeds of such sale be insufficient to pay the amount reported due to the plaintiff with interest and costs as aforesaid, the referee shall specify the amount of such deficiency in the report of sale and that the plaintiff may recover of the Defendant, Nina Fischman and Aaron Fischman, the whole deficiency or so much thereof as the Court may determine to be just and equitable of the mortgage debt remaining unsatisfied after the sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency Judgment shall be made in accordance with Section 1371 of the Real Property Actions and Proceeding Law within the time limit prescribed therein, and the amount thereof is determined by and an Order is made, fixing an award to Plaintiff by this Court; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the purchasers or purchasers at such sale be let into possession upon service of the Referee's Deed; and it is further

**ORDERED, ADJUDGED AND DECREED**, that excluding the United States of America who may retain a right of redemption up to 120 days after the foreclosure auction, each and all of the Defendants in this action and all persons claiming under them or any or either of them, after the filing of such Notice of Pendency of this action, be and are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the liens of the Plaintiff other than the Mortgage or Mortgages that are the subject matter of this action also be foreclosed herein as though the Plaintiff was named as a party Defendant, specifically reserving to the Plaintiff its right to share in any surplus monies as a result of such position as a lien creditor; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said premises be sold in one parcel in "as is" physical condition, subject to any covenants, easements, encroachments, reservations and restrictions, violations and agreements of record, zoning regulations and ordinances of the city, town or village wherein the premises are located, any state of facts an accurate survey would show, any state of facts a physical inspection will disclose, rights of tenants and other persons in possession of the mortgaged premises, prior judgments, liens and mortgages of record, any and all rights of the United States of America to redeem the subject premises, the Terms of Sale and purchaser assumes all risk of loss or damage to the premises from the date of the foreclosure sale until the date of closing and thereafter; and it is further

**ORDERED, ADJUDGED AND DECREED**, that by accepting this appointment, the Referee certifies that she/he is in compliance with Part 36 of the Rule s of the Chief Judge (22 NYCRR Part 36) including, but not limited to Section 36.2 (c) ("Disqualification from Appointment") and Section 36.2(d) (Limitations on Appointments Based on Compensation"); and it is further

~~**ORDERED**, that the Referee must submit the Notice of Sale to the Motion Support Office, in the Supreme Court, Room 152, at least 10 days prior to the date of the action; and it is further~~ JSC

**ORDERED**, that pursuant to CPLR 3002(b), absent application to the Court, further Court Order, and compliance with Part 36 of the Rule of the Chief Judge, the Referee shall not demand, accept or receive more than the amount of $500xx/xx otherwise payable to the Referee for the foreclosure sale stage, regardless of adjournment, delay or stay of the sale; and it is further

Firm File No. 182006-1

ORDERED, ADJUDGED AND DECREED that if the Referee does not conduct the sale within 90 days of the date of the judgment, in accordance with CPLR 2004, the time fixed by RPAPL §1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable, to a date to be set by the Court ~~upon final approval at the conclusion of the Pre-Foreclosure Auction Status Conference~~; and it is further

ORDERED, ADJUDGED AND DECREED that to ensure compliance herewith, Plaintiff shall file a written report with the court within six months from the date of entry of this judgment stating whether the sale has occurred and the outcome thereof; and it is further

ORDERED, ADJUDGED AND DECREED that all foreclosure auctions shall be held on the North Side steps of the Nassau County Supreme Court "Rain or Shine." This information shall be stated in the Notice of Sale; and it is further

ORDERED, ADJUDGED AND DECREED that the Court shall set an approved date and time of all foreclosure auctions following a conference before the Court; and it is further

ORDERED, ADJUDGED AND DECREED that the Court Appointed Referee shall submit the Notice of Sale through the NYSCEF System at least 10 days prior to the date of the Foreclosure Auction; and it is further

ORDERED, ADJUDGED AND DECREED that the Notice of Sale shall specify that if proper social distancing cannot be maintained or there are other health or safety concerns, then the Court Appointed Referee will cancel the Foreclosure Auction; and it is further

ORDERED, ADJUDGED AND DECREED that at the conclusion of the Foreclosure Auction and sale of the subject property, the Court Appointed Referee, bank representative, and successful third-party bidder *shall memorialize* the sale by completing, executing, and filing a Memorandum of Sale with the Court. The Memorandum of Sale shall include the following

Rev. 9/2021

information: Index number; name and address of the purchaser; address of the subject property; names of the Parties and Court Appointed Referee; the upset price; the final bid and final sales price; the amount of down payment; and an indication of whether any surplus money may be realized; and it is further

ORDERED, ADJUDGED AND DECREED that the Court Appointed Referee shall promptly submit to the Court, on the day of the Foreclosure Auction, the Fiduciary Form and the Memorandum of Sale at the Clerk's office, which is located on the first floor of the courthouse in Room 186; and it is further

ORDERED, ADJUDGED AND DECREED that *within 30 days of the closing* of the subject property the Court Appointed Referee shall complete and submit, through the *NYSCEF System*, a Nassau County Surplus Monies Form after which time the Court Appointed Referee will receive his/her compensation for conducting the foreclosure sale; it is further

**LEFT BLANK**

Rev. 9/2021

**ORDERED,** that the Referee appointed to sell herein be served with a signed copy of this judgment of foreclosure and sale with notice of entry; and it is further

**ORDERED,** that no sale of the premises will be scheduled, and the Court will not place the above captioned matter on the calendar for auction, nor will the Court accept a Notice of Sale, unless and until an "Affidavit in Support of Residential Mortgage Foreclosure" is submitted by the Plaintiff stating that all Federal, State and Local Statutes, Laws, Rules and Regulations, Mandates and Executive Orders with respect to Mortgage Foreclosure, Foreclosure Prevention and Home Retention as well as all conditions precedent to the commencement of an action to foreclose a residential mortgage have been complied with in the instant action.

That a description of the said mortgaged premises hereinbefore mentioned, is annexed hereto as Schedule A—Legal Description.

ENTER,

Dated: MAR-16, 2023

David P. Sullivan

**ENTERED**
MAR 17 2023
NASSAU COUNTY
COUNTY CLERK'S OFFICE

HON. DAVID P. SULLIVAN
J.S.C.

Firm File No. 182006-1

## SCHEDULE A—LEGAL DESCRIPTION

**Section 39 Block 192 and Lot 218**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Hempstead, County of Nassau and State of New York, known and designated as Lots Nos. 36, 37 and 38 and the Northerly one half of Lot No. 35, in Block 58 as shown and designated on a certain map entitled, "Map of Lord Estates at Cedarhurst-Woodmere, Nassau County, New York, surveyed March 1926 by Vandewater & Lapp, Engineers and Surveyors, Far Rockaway, New York" and filed in the Office of the Clerk of the County of Nassau on May 22, 1926 under File No. 605, Case No. 647 and more particularly bounded and described as follows:

BEGINNING at the corner formed by the intersection of the Southerly side of Carlyle Street with the Easterly side of Edward Avenue;

RUNNING THENCE Easterly and along the Southerly side of Carlyle Street, 100 feet;

THENCE Southerly and parallel with the Easterly side of Edward Avenue, 70 feet;

THENCE Westerly and parallel with the Southerly side of Carlyle Street, 100 feet to the Easterly side of Edward Avenue;

THENCE Northerly and along the Easterly side of Edward Avenue, 70 feet to the corner, the point or place of BEGINNING.

**Premises known as 703 Carlyle Street, Woodmere, New York**

Firm File No. 182006-1

FILED: NASSAU COUNTY CLERK 03/17/2023 09:00 AM
INDEX NO. 608260/2017

FILED: NASSAU COUNTY CLERK 11/23/2020 05:13 PM
INDEX NO. 608260/2017

NYSCEF DOC. NO. 119
RECEIVED NYSCEF: 03/20/2023
RECEIVED NYSCEF: 11/23/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------X
WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT
INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR
RPMLT 2014-1 TRUST, SERIES 2014-1,

Index No. 608260/2017

Plaintiff,

**COSTS OF PLAINTIFF**

-against-

**Mortgaged Premises**
703 Carlyle Street
Woodmere, NY 11598

NINA FISCHMAN, AARON FISCHMAN, SHALOM S.
MAIDENBAUM, JANE DOE,

**Section**: 39
**Block**: 192
**Lot**: 218

Defendants
------------------------------------------------------------------X

| | |
|---|---:|
| **COSTS OF PLAINTFF:** | |
| Costs before Note of Issue | $200.00 |
| CPLR Sec. 8201 subd. 1 | |
| Allowance by statute | $150.00 |
| CPLR Sec.8302 (a) (b) | |
| Additional allowance | $50.00 |
| CPLR Sec. 8302 (d) | |
| Motion costs | $0.00 |
| CPLR Sec 8303 | |
| Costs: | **$400.00** |
| **DISBURSMENTS:** | |
| Fee for index number | $400.00 |
| CPLR Sec. 8018 (a) | |
| Referee's fee | $500.00 |
| CPLR Sec. 8301(a)1 | |
| Clerk's fee, filing notice of pend. or attach. | $690.00 |
| CPLR Sec. 8021 (a)(10) | |
| Paid for searches | $370.18 |
| CPLR Sec. 8301(a)(1) | |
| Serving copy of summons and complaint | $0.00 |
| CPLR Sec. 8011(c)1 | |
| Request for Judicial Intervention | $95.00 |
| CPLR Sec. 8020(a) | |
| Fees for Submission of Order of Reference and Judgment | $90.00 |
| CPLR Sec. 8020(a) | |
| Disbursements: | **$2,145.18** |
| Total Costs and Disbursements: | **$2,545.18** |

ADJUSTED AT $ _2,545.18_
THIS _17th_ DAY OF _March_ 20 _23_

Firm File No. 182006-1

_Maureen O'Connell_
**Clerk**, Nassau Co.

I, Juliana Thibaut, Esq., an attorney admitted to the practice of law in the State of New York, hereby affirm pursuant to CPLR §2106 that: Friedman Vartolo LLP, are the attorneys of record for Plaintiff in this action; the foregoing disbursements have been or will be necessarily made or incurred in this action and are reasonable in amount; and the copies of the documents or papers as charged herein were actually and necessarily obtained for use.

Dated: November 23, 2020
New York, New York

/s/ Juliana Thibaut
Juliana Thibaut, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
85 Broad Street, Suite 501
New York, New York 10004
T: (212) 471-5100

Firm File No. 182006-1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------X

TROY WILLIAMS and JUDITH CAVALLO,   Index No. 613327/2021

               Plaintiffs,

                                      ATTORNEY AFFIRMATION
   -against-                            OF COSTS AND
                                      DISBURSEMENTS

RESULTS CONSULTING, LLC, and
MAUREEN O'CONNELL as The Clerk
for the County of Nassau,

               Defendants.
------------------------------------------------------------X

      Scott Lockwood, an attorney admitted to practice before the courts of New York State, pursuant to CPLR 2106, hereby affirms the truth of the following statements under the penalties of perjury:

      1. I am the attorney for the Plaintiffs in this action.

      2. Plaintiffs are entitled to statutory costs and disbursements, on this action in the annexed bill of costs in the amount of $680.00.

      3. The items of disbursement therein charged have been, or will be, necessarily incurred herein and are reasonable in amount.

Dated: Deer Park, New York
       February 10, 2023

                                                                         Scott Lockwood, Esq.